# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| BARRY WYCHE | : | CIVIL ACTION |
|---|---|---|
| v. | : | NO. 19-758 |
| DEMETRIUS TSAROUHIS, *et al.* | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                                                                      **March 21, 2019**

An alleged debtor on a car loan successfully dismissed a collection action in state court in 2017. He now turns around and sues the company who sought to collect a car loan debt. He sues his former adversary and its lawyer under the Fair Debt Collection Practices Act. The alleged debtor's claim is based on the company's failure to disclose its ownership by the lawyer representing it and the lawyer violates the Rules of Professional Conduct by representing his company in filing a case. The alleged debtor fails to sufficiently plead the company seeking the debt is a debt collector under the Act. The alleged debtor also decided not to answer the motions to dismiss to explain why the company seeking to recover a debt needs to disclose its ownership when seeking repayment. He also fails to explain why a lawyer who allegedly owns a company seeking repayment cannot file the complaint. Absent opposition, we grant the motions to dismiss.

**I.**     **Allegations.**

In December 2017, Keystone Acceptance Portfolio, LLC, as represented by Demetrius Tsarouhis, Esq., and the Tsarouhis Law Group, LLC, sued Barry Wyche in Philadelphia Municipal Court to collect a $7,679.85 debt arising from an auto loan.[1] Keystone is the buyer and successor in interest to the original creditor on this auto loan debt.[2] Attorney Tsarouhis owns Keystone.[3]

Keystone is not licensed in Philadelphia or Pennsylvania as a collector-repossessor to collect auto loan debts.[4] The Philadelphia Court dismissed Keystone's collection action.[5] On December 19, 2018, Mr. Wyche filed this case against Keystone, Attorney Tsarouhis and his law firm alleging violations of the Fair Debt Collection Practices Act in the Court of Common Pleas of Philadelphia.[6] Keystone, Attorney Tsarouhis and his law firm timely removed the case here.[7]

**II.     Analysis**

Keystone, Attorney Tsarouhis, and his law firm move to dismiss.[8] Keystone argues it is not a creditor and not subject to the Act. It also argues Mr. Wyche fails to sufficiently plead false, misleading, or unfair collection practices, and a license is not required to collect the debt. Attorney Tsarouhis and his law firm argue a license is not required for a collection action and they are not prohibited from acting as counsel.

To state a claim under the Fair Debt Collection Practices Act ("the Act"), Mr. Wyche must allege "(1) he is a consumer, (2) (the defendants) (are) debt collector(s), (3) (the defendant)'s challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) (the defendants have) violated a provision of the FDCPA in attempting to collect the debt."[9]

**A. Mr. Wyche fails to sufficiently plead Keystone is a debt collector under the Act.**

A "debt collector" under the Act is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect directly or indirectly, debts owed or due or asserted to be owed or due another."[10] Under the Act a creditor is anyone who "offers or extends credit creating a debt or to whom a debt is owed, but such a term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another."[11] "Creditors – as opposed to 'debt collectors' –

2

are not generally subject to the [Act]."[12] Keystone argues it is a creditor because it is attempting to collect payments for itself and is not a debt collector under the Act.

Mr. Wyche's claim arises out of Keystone's collection action against him in Philadelphia Municipal Court. Mr. Wyche alleges Keystone is the buyer and successor in interest to the original creditor. "All that matters is whether the target of the lawsuit regularly seeks to collect debts for its own account or does so for another."[13] Mr. Wyche fails to plead Keystone regularly seeks to collect debts for another. He failed to sufficiently plead Keystone is a debt collector because he fails to plead Keystone regularly collect debts for another.

### B. Even if Keystone is a debt collector, Mr. Wyche failed to sufficiently plead the absence of a collector-repossessor license violates the Act.

Mr. Wyche claims Keystone is not a licensed collector-repossessor in Philadelphia or Pennsylvania as he believes is required under the Pennsylvania Commercial Code. He then claims this alleged failure to register, renders its collection efforts as deceptive. He then leaps to claim this failure to register violates Sections 1692e, 1692e(10), 1692f, and 1692f(1) of the Act. Even assuming Keystone needs to register, and did not, we are not aware of authority transforming this registration requirement into a deceptive collection claim.

"A debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt."[14] A debt collector is prohibited from the "use of any false representation or deceptive means to collect any debt(.)"[15] The objective standard of whether the least sophisticated debtor would find a debt collector's statement deceptive or misleading is used within the Act.[16] "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."[17] A debt collector uses unfair or unconscionable means if they collect or attempt to collect "any amount (including any interest, fee, charge or expense

3

incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."[18]

Our Court of Appeals directs not all violations of state law constitute a *per se* violation of the Act.[19] Mr. Wyche has not plead facts sufficient to find Keystone is not a collector-repossessor. We find no law on a lack of a collector-repossessor license under Pennsylvania law constituting a violation of the Act. Mr. Wyche chose not to respond to the Defendants' Motions to Dismiss.

The only possible deception may be if Keystone represented having a license and did not. Mr. Wyche has not sufficiently plead Keystone asserted it had a collector-repossessor license when it did not. Mr. Wyche also failed to sufficiently plead the Defendants misrepresented the amount of debt owed. We dismiss the deceptive-based claim against Keystone.

### C. An alleged violation of Pennsylvania Rules of Professional Conduct is not "deception" under the Act.

Mr. Wyche alleges Attorney Tsarouhis and his law firm's representation of his wholly-owned company Keystone violates the Act because the representation violates Pennsylvania Rule of Professional Conduct 3.7(a). "A lawyer shall not act as an advocate in a trial in which the lawyer is likely to be a necessary witness(.)"[20]

Mr. Wyche did not allege Attorney Tsarouhis advocated for Keystone at trial. He does not plead a trial. He alleged the Philadelphia Municipal Court dismissed the collection action against him. There is no basis to find Attorney Tsarouhis and his firm violated the Rules of Professional Conduct.

Even if Attorney Tsarouhis did advocate at an unplead trial, we found no law establishing such a violation is deceptive to anyone creating a cause of action under the Act. Mr. Wyche knew Attorney Tsarouhis represented Keystone. We cannot find authority suggesting a lawyer cannot

4

represent a company he owns or such a representation is somehow deceptive under the Act. We grant Attorney Tsarouhis's motion to dismiss.

### III. Conclusion

In the accompanying Order, we grant the Defendants' motions to dismiss without prejudice if Mr. Wyche can timely plead a plausible claim consistent with his good faith obligations under Federal Rule of Civil Procedure 11.

---

[1] ECF Doc. No. 1-1, Exhibit 1 at ¶ 15.

[2] *Id.* at ¶ 13.

[3] *Id.* at ¶ 8.

[4] *Id.* at ¶ 18.

[5] *Id.* at ¶23.

[6] ECF Doc. No. 1 at p.13.

[7] *Id.* at p.1.

[8] When considering a motion to dismiss "(w)e accept as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and construe them in a light most favorable to the non-movant" *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqubal,* 556 U.S. 662, 678 (2009) (quoting *Bell Alt. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Our Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak(e) note of the elements (the) plaintiff must plead to state a claim;'" (2) 'it should identify allegations that 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) '(w)hen there are well-lead factual allegations, (the) court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqubal*, 556 U.S. at 675, 679).

[9] *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014).

5

[10] 15 U.S.C.A. § 1692a(6). The definition of a debt collector also includes "a creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." *Tatis*, 882 F.3d at 427 (quoting *Douglas v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014)).

[11] 15 U.S.C.A. § 1692a(4).

[12] *Tepper v. Amos Fin., LLC*, 898 F.3d 364, 366 (3d Cir. 2018) (quoting *Pollice v. Nat'l Tax Funding, L.P*, 224 F.3d 379, 403 (3d Cir. 2000)). A "creditor" is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed, but such a term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another. 15 U.S.C. § 1692a(4).

[13] *Tepper*, 898 F.3d at 367 (quoting *Henson v. Santander Consumer USA Inc.*, 137 S.Ct. 1718, 1721 (2017)) (internal quotations omitted).

[14] 15 U.S.C. § 1962e.

[15] 15 U.S.C. § 1962e(10).

[16] *Dixon v. Stern & Eisenberg, PC.*, 652 Fed.Appx. 128, 131 (3d Cir. 2016) (quoting *Jenson v. Pressler & Pressler*, 791 F.3d 413, 419-20 (3d Cir 2015)).

[17] 15 U.S.C. § 1962f.

[18] 15 U.S.C. § 1692f(1).

[19] *Simon v. FIA Card Servx., N.A.*, 732 F.3d 259, 270 (3d Cir. 2013) (citing *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 (11th Cir. 2010)).

[20] Pa.R.P.C. 3.7.